**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACK M. HEWSON, JR.,

     Petitioner-Appellee/
     Cross-Appellant,

 v.

JAMES KEY, Acting Superintendent
Airway Heights Corrections Center,

     Respondent-Appellant/
     Cross-Appellee.

Nos. 16-35136
   16-35202

D.C. No. 2:15-cv-00136-SMJ

MEMORANDUM[*]

Appeals from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted March 8, 2017
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

  Warden James Key appeals the district court's grant of Jack Hewson's

habeas petition on the ground that his conviction was obtained through the

presentation of false evidence in violation of *Napue v. Illinois*, 360 U.S. 264

---

   [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(1959). Hewson cross-appeals the district court's denial of habeas relief on two claims that the government withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we review de novo the district court's ruling on a petition for a writ of habeas corpus. *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). We reverse the grant of relief.

Assuming without deciding that we review Hewson's *Napue* claim de novo, it fails on the merits. As Hewson recognizes, his habeas petition does not challenge the state trial court's decision to limit the cross-examination of Delao regarding the potential prison sentences he faced before striking a plea bargain; the *Napue* claim is instead that the prosecution should have corrected Delao's false testimony. But, Delao's challenged testimony was not false. Nothing in the record indicates that Delao lied when he testified that he got "three years off the sentence" imposed by a federal court as a result of his cooperation. Delao's comment that he "didn't really save [himself] much" by virtue of his cooperation was a subjective assessment, rather than false testimony. Delao disclosed to the jury that he was a cooperating witness who received benefits in exchange for his testimony, and the jury was not left with an overall "false impression" about his relationship with the State. *See Alcorta v. Texas*, 355 U.S. 28, 31 (1957) (per curiam). Hewson was not

precluded from eliciting testimony about the number or nature of state court charges that Delao faced. Because Hewson's claim fails under de novo review, it necessarily fails under AEDPA's more deferential standard. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

Hewson's *Brady* claims also fail under de novo review. *See id.* Even if the allegedly suppressed evidence relating to Oakes's and Hoofman's prior criminal histories had impeachment value, it was cumulative of other impeaching evidence produced at trial, including Oakes's and Hoofman's accurate testimonies about their cooperation deals with the State.[1] Considering the alleged *Brady* materials cumulatively and in light of the full body of evidence introduced at trial, including the State's compelling evidence of Hewson's guilt (such as eyewitness testimony from the victim, and evidence of financial motive), "there is no reasonable probability that the result of the proceeding would have been different" had the materials been used at trial. *Reis-Campos v. Biter*, 832 F.3d 968, 978 (9th Cir. 2016) *petition for cert. filed* — U.S.L.W. — (U.S. Feb. 23, 2017) (No. 16-8109); *see also Barker v. Fleming*, 423 F.3d 1085, 1100 (9th Cir. 2005).

---

[1] In addition to evidence supporting an inference of Oakes's bias in favor of the State, other evidence adduced at trial fairly supported an inference that Oakes was personally prejudiced against Hewson because Hewson had once fired Oakes from a job.

For the foregoing reasons, we reverse the grant of habeas relief.

**REVERSED.**